IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES FELTNER,

          Plaintiff,

   vs.                             Civil Action 2:12-cv-926
                                      Judge Smith
                                      Magistrate Judge King

MIKE'S TRUCKING (MICHAEL
CULBERTSON),

          Defendant.

<u>OPINION AND ORDER</u>

This matter is before the Court on the *Motion of Defendants to Compel Discovery and for Sanctions* ("*Motion to Compel*"), Doc. No. 22. Defendants Mikes Trucking and Michael Culbertson seek an order compelling plaintiff Charles Feltner to appear for a continued deposition, to answer questions posed by counsel at the deposition, and to pay defendants' reasonable expenses, including attorney's fees, incurred in filing the *Motion to Compel*. *Id.* at p. 1. This matter is also before the Court on the *Motion of Defendants to Extend the Case Schedule* ("*Motion to Extend*"), Doc. No. 26.

I.    **Background**

Plaintiff, who is proceeding without the assistance of counsel, was noticed for a deposition and appeared at the offices of defendants' counsel for a deposition on April 9, 2013. *See Motion to Compel*, Exhibits A-C. At the deposition, plaintiff answered questions about his name, age, the medications he takes, and his education, but then stated that he would invoke the Fifth Amendment privilege against

self-incrimination in response to all further questions. *Deposition of Charles W. Feltner* ("*Feltner Deposition*"), attached to *Motion to Compel* as Exhibit D, at *PAGEID* 199. The parties then contacted the Court in an attempt to resolve their discovery dispute. The undersigned was unavailable and United States Magistrate Judge Terence P. Kemp graciously agreed to hold a discovery conference with the parties by telephone. *Id*. at *PAGEID* 197. The discovery conference with Judge Kemp is transcribed in the *Feltner Deposition*.

During the conference, plaintiff explained that he was not actually concerned about incriminating himself, but that he had been advised by an acquaintance that he should "take the Fifth Amendment until I get legal counsel." *Id*. at *PAGEID* 199. Judge Kemp explained to plaintiff the scope of the Fifth Amendment and advised plaintiff that his invocation of the Fifth Amendment was improper under the circumstances. *Id*. at *PAGEID* 198-201. Judge Kemp further explained to plaintiff that his failure to answer questions at the deposition could result in the imposition of sanctions, including the dismissal of this case and an award of defendants' reasonable expenses, including attorney's fees. *Id*. Judge Kemp also explained to plaintiff that the potential monetary sanctions could run into the thousands of dollars. *Id*. Nevertheless, plaintiff persisted in invoking the Fifth Amendment. *Id*. at *PAGEID* 199-201. The deposition thereupon ended and defendants filed the *Motion to Compel*.

In his response to defendants' *Motion to Compel, Response to Defendant's Motion for Discovery and Sanctions* ("*Plaintiff's Response*"), Doc. No. 24, plaintiff states that he "now understand[s] what the Fifth Amendment is" and that he is "willing to answer any

2

questions with the exception of why" his employment was terminated by defendant Mike's Trucking. *Id.* at p. 1. Plaintiff "feel[s] that answering these questions may influence the outcome of [his] case against Mike's Trucking." *Id.* Plaintiff also argues that he should not be required to pay defendants' reasonable expenses in filing the *Motion to Compel* because he does not "fully understand court proceedings." *Id.*

In their *Motion to Extend*, defendants seek to extend the deadline to complete discovery from May 31, 2013 to June 30, 2013 in order to complete plaintiff's deposition. *Id.* at p. 2. Defendants also seek to extend the deadline to file dispositive motions from June 30, 2013 to August 30, 2013 "to allow counsel time to obtain the transcript of the deposition and prepare the motion for summary judgment." *Id.*

## II.  Standards

### A.  Motion to Compel

The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 37 authorizes a motion to compel discovery when "a deponent fails to answer a question asked under Rule 30." Fed. R. Civ. Pro. 37(a)(3)(B)(i). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-cv-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999)).

3

The party moving to compel discovery must also certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). *See also* S.D. Ohio Civ. R. 37.2. Although the *Motion to Compel* does not contain a formal certification, the Court is satisfied that this requirement has been met.

**B.   Motion to Extend**

Rule 16(b) of the Federal Rules of Civil Procedure requires that the Court, in each civil action not exempt from the operation of the rule, enter a scheduling order that limits the time to, *inter alia*, complete discovery and file motions. Fed. R. Civ. P. 16(b)(1), (b)(3)(A). The rule further provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *See also* S.D. Ohio Civ. R. 16.2 ("[T]he Magistrate Judge is empowered to . . . modify scheduling orders upon a showing of good cause."). "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). Whether to grant leave under Rule 16(b) falls within the district court's discretion. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

4

## III. Discussion

### A. Motion to Compel

Plaintiff brought this action under state and federal law alleging that he was discriminated against in his employment and was eventually terminated because of his age and disability and in retaliation for having asserted a claim before the Ohio Civil Rights Commission. *See Complaint*, Doc. No. 4. At his April 9, 2013 deposition, plaintiff asserted a blanket Fifth Amendment privilege against self-incrimination and refused to answer any question related to his employment by defendant Mike's Trucking. *See Feltner Deposition*, *PAGEID* 198-201.

The Fifth Amendment to the United States Constitution provides that "[n]o person shall be . . . compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The Fifth Amendment privilege against self-incrimination "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *In re Morganroth*, 718 F.2d 161, 164-65 (6th Cir. 1983) (citing *Lefkowitz v. Turley*, 414 U.S. 70, 94 (1973)). *See also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1074 (6th Cir. 1990). In order to properly invoke the privilege, one must demonstrate a real danger of incrimination, *see United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007) (quoting *Brennan v. C.I.R.*, 752 F.2d 187, 189 (6th Cir. 1984)), "and not a mere imaginary, remote or speculative possibility of prosecution." *Morganroth*, 718

F.2d at 167.  "A blanket assertion of the privilege . . . is not
sufficient to meet the reasonable cause requirement." *Id*.

Plaintiff's invocation of the Fifth Amendment at his deposition
was improper.  Plaintiff was not concerned that answers to questions
posed to him on deposition could subject him to criminal liability but
persisted in his invocation of the privilege even after having been
advised that this course of action was improper. *Feltner Deposition*,
*PAGEID* 199-201.  In his response to the *Motion to Compel*, plaintiff
continues to assert a blanket privilege to all employment related
questions. *Plaintiff's Response*, p. 1.

This is an employment case; questions relating to plaintiff's
employment and the termination of plaintiff's employment with Mike's
Trucking are therefore relevant to both plaintiff's claims and
defendants' defenses.  Plaintiff does not suggest that response to
such questions is likely to result in criminal liability.  Plaintiff's
blanket refusal to answer employment related questions at his
deposition and his continued refusal to answer questions about the
termination of his employment are therefore wholly improper.

Accordingly, the *Motion to Compel* is meritorious and that motion
is therefore **GRANTED**.  Plaintiff Charles Feltner is **ORDERED** to appear
at a continued deposition and to answer questions relating to his
employment by Mike's Trucking.  Plaintiff is **ADVISED** that the scope of
discovery is extremely broad and that he is required to answer all
questions regarding any nonprivileged matter that is relevant to any
party's claim or defense.  As discussed *supra*, plaintiff may not
properly invoke the Fifth Amendment privilege against self-
incrimination unless he is able to demonstrate a real danger that his

response to a particular question will subject him to criminal liability.

Defendants also seek an award of reasonable expenses, including attorney's fees, incurred in filing the *Motion to Compel*. *Motion to Compel*, p. 1. Under Rule 37, a court must ordinarily award the movant's reasonable expenses incurred in filing a motion to compel, including attorney's fees, if the motion to compel is granted. Fed. R. Civ. P. 37(a)(5)(A). However, a court should not award expenses if, among other things, the opposing party's nondisclosure was substantially justified or other circumstances make an award of expenses unjust. *Id*. A court is vested with wide discretion in determining an appropriate sanction under Rule 37. *Nat'l Hockey League v. Metro. Hockey Club,* 427 U.S. 639 (1976); *Reg'l Refuse Sys. v. Inland Reclamation Co.,* 842 F.2d 150, 154 (6th Cir. 1988).

Defendants seek a total award of $1,153.77, that amount reflecting $1,012.50 in attorney's fees and $141.27 in costs incurred as a result of plaintiff's failure to answer questions at his April 9, 2013 deposition. *Motion to Compel*, pp. 3-4. The attorney's fees and costs are supported by the affidavit of defendants' attorney, Melissa Izenson, and an invoice for court reporting services at plaintiff's deposition. *Id*. at Exhibits E & F. The *Affidavit of Melissa A. Izenson*, attached to the *Motion to Compel* as Exhibit E, provides that Melissa Izenson worked 4.5 hours at an hourly rate of $225.00 to depose plaintiff, attend the telephone conference with Judge Kemp, and draft the *Motion to Compel*. Attorney Izenson's affidavit also provides that defendants incurred court reporter's fees for plaintiff's deposition in the amount of $141.27. *Id*. Plaintiff

opposes defendants' request for fees on the basis that he should not have to pay defendants' reasonable expenses in filing the *Motion to Compel* because he does not "fully understand court proceedings." *Plaintiff's Response*, p. 1.

As discussed *supra*, plaintiff improperly invoked the privilege against self-incrimination in refusing to answer questions at his deposition.  Plaintiff now argues that he should be shielded from sanctions in this matter because of his *pro se* status.  *See Plaintiff's Response*, p. 1.  However, Judge Kemp advised plaintiff in a telephone conference — during plaintiff's deposition — of the proper parameters of the privilege against self-incrimination and warned plaintiff that his invocation of the privilege was improper.  *See Feltner Deposition, PAGEID* 198-201.  Judge Kemp also advised plaintiff that his continued invocation of the privilege could result in the imposition of sanctions, including an award of attorney's fees that "could run into the several thousand dollar range."  *Id.* at *PAGEID* 199.  Plaintiff nevertheless continued to invoke the Fifth Amendment and refused to answer questions posed to him.  Under these circumstances, plaintiff's current claim of ignorance rings hollow. The Court concludes that, under the circumstances, an award of expenses is just and proper.

Plaintiff Charles Feltner is therefore **ORDERED** to pay $1,153.77 to defendants for defendants' reasonable expenses, including attorney's fees, incurred in connection with the *Motion to Compel*.

### B. Motion to Extend

The *Preliminary Pretrial Order*, Doc. No. 14, requires that discovery be completed by May 31, 2013 and that motions for summary

8

judgment be filed no later than June 30, 2013.  Plaintiff's improper refusal to answer questions at his April 9, 2013 deposition has significantly impeded defendants' ability to complete discovery within the time allotted.  The discovery completion deadline is therefore **EXTENDED** to June 30, 2013.  The deadline for filing motions for summary judgment is **EXTENDED** to August 31, 2013.

**WHEREUPON**, consistent with the foregoing, defendants' *Motion to Compel*, Doc. No. 22, is **GRANTED.**  Plaintiff is **ORDERED** to submit to a continued deposition and to answer questions related to his employment by Mike's Trucking, as well as other proper questions.  Plaintiff is **ADVISED** that his failure to obey this *Order* may be treated as contempt of court and may result in additional sanctions, including the dismissal of this action.  *See* Fed. R. Civ. P. 37(b).

Defendants' *Motion to Extend*, Doc. No. 26, is **GRANTED.** The discovery completion deadline is **EXTENDED** to June 30, 2013.  The deadline for filing motions for summary judgment is **EXTENDED** to August 31, 2013.

May 28, 2013                                    *s/Norah McCann King*
                                           Norah M$^c$Cann King
                                    United States Magistrate Judge

9